Good morning. Michael Hunsinger on behalf of Carey Brennan. Mr. Brennan is entitled to have his claim that the delegation provision, the arbitration delegation provision in his employment agreement with Opus Bank and his claim that it's unconscionable be determined by a court not by an arbitrator for two reasons. The primary one which I'm going to spend most of my time discussing this is because the language in that arbitration provision in his employment agreement did not clearly and unmistakably delegate that power to an arbitrator. The the law that we are all applying here today has is undisputed. It flows from initially from Kaplan v. First Options United States Supreme Court about 30 years ago. Is it is our question simply whether arbitrability should be determined by a court and not an arbitrator? Do we have to determine whether the federal arbitration act or the state provisions regarding arbitration apply? No Your Honor, not for the purposes of today's argument. We're all working from federal a federal opinion initially, First Options and Kaplan, which basically tells us and virtually every case that's discussed arbitrability ever since that case, regardless of the outcome, regardless of the language, all says the same things. There's a strong presumption that a court should determine arbitrability deferring only if there is clear and unmistakable delegation that the parties wanted to make that the arbitrator make that decision. As Justice Scalia said in Renner Center, that is a heightened standard of proof. The reason is because a party can be forced to arbitrate only those issues if it specifically has agreed to submit to arbitration and a court should hesitate to interpret silence or ambiguity on the who should decide arbitrability point as giving arbitrators that power for doing so might too often force unwilling parties to arbitrate a matter they reasonably would have thought a judge, not an arbitrator, would decide. Could you talk about the arbitration comes in because it's in we're going to go with the AAA and it's in the rules. Without getting into the problem that I'm having with Oracle of what it means to have sophisticated people, clearly we've got sophisticated people here. What we have I Jones Day, Renner that and clearly it's there, readable and clearly he had the sophistication to go read and find out. So I suppose what we have to decide is under this case with these parties, do we have to go just to the record or do we consider the nature of the individuals? Now I'm only reading this up because I don't understand the footnote in Oracle, but do we have to make factual determinations as to sophistication? No. All you have to do is read one paragraph in the employment agreement, one paragraph in section 16. That's all you have to do. This has nothing to do with sophisticated parties today. It even does nothing to do necessarily with whether this is an employment agreement as opposed to a commercial agreement. I just don't understand why Oracle doesn't control. It doesn't because Oracle ended up interpreting that agreement as a scope question, as a scope of delegation, not as a who question. Well I don't know. Oracle says the only issue in this case is whether the parties agreed to arbitrate arbitrability. Correct. That's what they were deciding and that's what we're deciding in this case. Well yes, but the point in this case is that the sentence, the critical sentence in section 16 consists of two phrases. The second of which is all these disputes are resolved in arbitration. The first phrase however says except with respect to any claim for equitable relief. Judge Martinez in his order cited by Opus in the briefs all pertain to that second sentence and as I point out there are actually some cases where even if all you have is the second half of that sentence, courts have found that there was not a clear and unmistakable delegation of the unconscionability to the arbitrator. The problem is with the first half. How can you have a clear and unmistakable delegation when the agreement says except with respect to a whole section of types of relief which shall not be subject to provisions of that section and have the section that says any controversy or claim arising out of the agreement or employment shall be determined by arbitration. The, again going back to what the Supreme Court has told us time and time again in every court, the parties when they sign this agreement they have to know, they have to know whether the arbitrators decide whether the claim is one for equitable relief. Because the presumption, the presumption under Kaplan in every case since, if there's, if the question is who is the, who just makes that decision judge or arbitrator, the presumption is that a court shall make that decision unless there is a clear and unmistakable delegation. Let me make clear what I'm getting at. Suppose you have an arbitration clause that says all disputes over pay and benefits shall be decided by arbitration and you have a dispute about termination. A company says well that really is about pay and benefits under our termination plan and the plaintiff says no it's not about pay it's not about benefits it's about termination, the distinct thing. That's one kind of dispute and maybe a court might say a termination dispute isn't covered by the arbitration agreement. But here it seems like what you'd get in an arbitration decision is a decision about money say and then the arbitrators would have a paragraph saying the plaintiff or claimant also seeks equitable relief we do not have authority and we are making no findings with respect to equitable relief. So who in the latter sense makes the decision of unconscionability? At the time that the employee signs that agreement and the employee sees that okay and let's say it's a really smart person like Mr. Brennan is. Very sophisticated party. The most sophisticated party if you want to call him that. I'd say if anyone's going to count as a sophisticated party he is. Fine and and you can look at that agreement and it is what the point is what is the search of circumstance at the time the agreement is entered into? Okay if there's arbitration then and I read the AAA rules and it says jurisdiction that's clear and unmistakable evidence that the arbitrator will determine unconscionability. But what if there's equitable relief? Who makes that determination? It is silence as to that and the presumption in the law is that any ambiguity any silence this is Kaplan again first options with respect to that issue constitutes a lack of unmistakable evidence. Counselor if I could ask you one question. What's the significance if any of the Supreme Court's decision in Rent-a-Center which tinkered with or overruled some things we might have said in the grant? The the answer is that is the second mistake that Judge Martinez made and constitutes an alternate reason for reversal because what Rent-a-Center told us is that in some simplified fashion it's not enough if you're going to claim that there's an unconscionability of your employment agreement you can't just say the entire agreement is unconscionable you have to you have to identify the arbitration portion of that employment agreement as being unconscionable. That's the impact of Rent-a-Center and in the complaint filed by Mr. Brennan we specifically identified specifically had a whole section about the unconscionability only of section 16 only of the arbitration provision and and what Judge Martinez seemed to say is that oh sorry go ahead no what Judge Martinez seemed to say is we had to actually identify the ten words within section 16. Let me I need to get back to something I must just be misunderstanding your argument on. We know there's a presumption against arbitrary arbitrability we know there has to be clear evidence that the parties intended arbitrability and then we've got this decision in Oracle it says virtually every circuit to considered the issue has determined that incorporation of the American Arbitration Association rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability and then we've got paragraph 16 that says shall be settled by binding arbitration in accord with the rules of the American Arbitration Association. It seems like they just locked it down tight and I'm still not understanding what what their problem is. If the first half of the sentence was not there I would have a very difficult time convincing you otherwise your honor but the problem is they carved out an explicit inconsistency. Is there any equitable relief sought here? Well actually there was actually there was Mr. Brennan in his complaint contended because he had to because he filed the lawsuit that the arbitration provision was unconscionable. That's not a request for equitable relief. Yes it is your honor. It absolutely is. Mr. Brennan had to. I would think that would be declaratory rather than equitable. Equitable means ordinarily a command by the court to do something or refrain from doing something an injunction. Well first of all there's that mr. mr. Brennan had no opportunity to seek injunctive relief because he got terminated while he was waiting for the for the employer to respond to his notice. He had prayed for reinstatement that would be equitable relief. No your honor unconscionability under the law decided by Hartley and a Walnut production page 36 the pill is brief. Common law one you can have an ordinary contract dispute and a defense of unconscionability and that can lead to the the failure of the claim for breach of contract. Well in order for mr. Brennan to sue in district court. Equitable doesn't mean fairness it means what the Chancellor used to have jurisdiction. And one of the one of the equitable claims is that my agreement is unconscionable. It does not have to be injunctive. It does not have to be before he gets fired that he alleged in order to be able to pursue his lawsuit. But it doesn't matter if King's bench could decide unconscionability rather than Archbishop of Canterbury. But but it's still a natural. Equitable is what the what the church used to decide. But your honor I guess we could beat that dead horse for a while but the point isn't whether or not mr. Brennan ever sought equitable relief. The point is at the time he signed the employment agreement did he reasonably have a clear and unmistakable knowledge that a arbitrator would declare would be the one to determine whether or not the agreement was unconscionable. That's the that's the issue and that is the only issue and it is absolutely clear that the answer is no. It seems to me that that I mean I have trouble with a footnote in Oracle but if you just forget the footnote. We hold as long as an arbitration agreement is between sophisticated parties which it is here to commercial contracts which it is here those parties shall be expected to understand that incorporation of the Unicole rules delegates the questions of arbitrarily to the arbitrator. This contract has exactly the same thing. He's put on notice that he has to go look at the the triple-a rules and there he will find that arbitrary arbitrary questions arbitrary is going to be with you and then he can say no. But once he doesn't say no it seems to me on under Oracle I don't know how you get out of that. Tell me why. Two points. Number one is he can look at the triple-a rules all he wants and it's not going to tell him who determines conscionability for an equitable claim he might want to file. It's not there. That's the problem with the inconsistency between the first half of the sentence and the second half of the sentence which is what all those cases cited by Oracle and all other ones about the majority view that's what they all talk about. There's no first half of sentence. There's no carve out in any of those. There are only two cases that I've been able to find where they had this instance. The Hartley case in California where there was even a more blatant. Why would it matter unless the arbitrators decided to order reinstatement. It only. The equitable relief. What matters is whether or not this sentence is ambiguous. Actually it matters whether or not Opus as the drafter of this. This is this is ambiguous to what we have here is a sophisticated person. So because they've carved out equitable relief that the arbitrator will not decide. Then you're saying that there's something that a that a sophisticated person wouldn't realize that everything else the arbitrator is going to decide. How could how could that is that is you're saying that they wouldn't understand that a sophisticated person. The law is if there is any ambiguity or silence regarding unconscionability then the court must make the decision. But as you do it on the basis of this contract with these people are talking about an Oracle. We're not talking about someone that's just off the street in Pasadena. We're talking about a sophisticated person that's been a partner in Jones Day that's run businesses. Isn't that the way we have to decide it. Not whether somebody else who's never been to high school would do it. Well who's going to answer the question if there's equitable claim who's going to determine unconscionability. I can't I'm sort of sophisticated I think I can't if I was handled this kind of this contract and I looked at this and I asked geez okay can I tell is it clear and unmistakable to me really smart guy that an equitable claim will be the the unconscionability will be decided by a that it should really be in this subjunctive if there were an equitable claim who would decide unconscionability and the reason it would be in the subjunctive is that it's a condition contrary to fact because there was no equitable claim. It doesn't matter it matters that at the time this contract was signed did the parties agree that if an equitable claim arises somewhere down the line a it's clear and unmistakable that a arbitrator would determine whether or not the arbitration provision was unconscionable and there is an ambiguity pure and simple and since that's the case there is no clear and unmistakable delegation. What's the ambiguity? If there's going to be an equitable claim is carved out and the arbitrator doesn't decide it. Who does? Who decides it then? Where does it say who decides it? That's that well we all there's only other place that can claim do equitable claims of courts. Well how does doesn't and we're talking about does does mr. Brennan first of all we're talking reasonable people here we're not talking just about the brilliant mr. Brennan but I if I were mr. Brennan I wouldn't even be so sure I don't I wouldn't conclude that it was clear and unmistakable that oh yeah if I file a lawsuit I get a judge to determine whether or not this provision is unconscionable. It does not say that. Equitable. It says equitable. It doesn't matter. It does not say this agreement does not say that a court or an arbitrator will determine unconscionability and the Hartley case the California 2011 case is exactly on point where they have this exact problem an incredibly clear delegation far clearer than this of the arbitrator making the determination of unconscionability and nevertheless the court properly finding that doesn't that first question California has been increasingly hostile to arbitration clauses while the u.s. Supreme Court has been increasingly receptive to them oh but you're not going to find a case in any jurisdiction at least Opus hasn't where the the point I'm making has been disagreed with in fact time and time again the point is whether or not there has been an ambiguity created and we already you're well over your time thank you and I assume that you probably would like to have a couple of minutes to respond to a Pele's in a reply although you haven't saved time I'm gonna give you three minutes to reply thank you better all right so why don't we just take it we understand your argument at this point and you can save some powder reply where you know what they've said thank you thank you and now we turn to counsel for the appellee thank you if it pleases the court Dan teamie for Opus Bank I also have with me at council table Julian Mack who represents Steven Gordon was available if the party has questions on issues of California unconscionability law but are I believe the view of both parties is that to the extent that there was a reversal that issues of unconscionability should be remanded to the trial court for determination in the first instance I'm reluctant to add anything to what the panel has already said which is this case is determined by Oracle but we you have to know that we ask the hardest questions to find out perhaps whether we're right or wrong and so I wouldn't base your entire argument based upon the questions were asked thank you your honor and I was not for one third of the panel thank you your honor and I was not going to end my comments with a period at the end of that statement I'm sure some hard questions will get tossed I think I would you know rather than go through my prepared remarks I would like to turn to the the argument that mr. Huntsinger seems to have focused on and encapsulated in his oral argument which is the argument that an ambiguity is created by the fact that the basic agreement to arbitrate carves out claims for equitable relief arbitration my understanding I had always thought equity is what the Chancellor used to do and law is what Kings bench used to do and with the merger of law and equity everybody could do them but they matter because if it's law you get a jury and if it's equity you don't and I had thought unconscionability was law not equity is there something that is my view as well your honor the the way I think of it is that if it was a claim for equitable relief such as injunctive belief such as reinstatement as your honor indicated that that would be a claim in equity that by the terms of this arbitration clause would not be arbitrable to reinstate you are commanded to reinstate this man correct equity and that's something law courts didn't used to be able to do correct distinct from that is the argument of unconscionability and defense instruction on that when there's a sufficient basis for it I'm sorry could you repeat that don't they give a jury instruction in contract trials about unconscionability indeed so it's a law question and it goes to the jury well there is some authority that there are equitable considerations involved in the unconscionability determination but I'm asserting it in the traditional sense of law and equity but I'm using it just as kind of a fancy word for fairness a going back then to mr. Hunsinger's argument that an ambiguity was created by the carve-out of equitable claims from the arbitration agreement that issue is actually addressed in the Oracle decision the argument was made before this court in Oracle that because the arbitration clause in that case had a carve-out for equitable relief that that created an ambiguity and as a that for that reason the contracts incorporation of the triple-a rules was not a clear and unmistakable delegation of the determination of issues of arbitrability to the arbitrator this court in Oracle rejected that argument said there's one case that supports that there's no other authority for it we don't agree with it we reject it so that is another part of the reason that I would say again to the panel I we believe that this case is controlled by the Oracle decision the only wiggle room that I can see in the Oracle decision and what I speculated the panel might be interested in hearing is the footnote in Oracle and what is the significance of the possible carve-out of non-commercial disputes or disputes not involving sophisticated parties I will agree with the implied comments that the panel has already made that if there was ever a sophisticated party mr. Brennan was it so I don't see that it really doesn't talk about sophistication no it's not no just says consumer contracts so it's the nature of the contract rather than the nature of the person that is carving out here's what I would say about the footnote in Oracle and it shouldn't have been written but no I would not say that I would not say that what I would say is that that is a that was a panel of this court doing what courts do which is say we are deciding the case in front of us and not another case that is not in front of us I think that yeah that's a fair interpretation and I take nothing further from it I but there are a couple district court decisions that have implied the negative and that footnote without analysis and that's that is sooner later we're gonna have to put no but but to the extent that there's that there is a question left open as clearly there there was in that case as your honor says it was explicitly on the issue of commercial versus consumer and so that's a distinction that really does not apply here one could generalize that distinction to say well to the extent that distinction exists whatever it's a distinction also say that an employment dispute would be like a consumer dispute am I looking at the right thing all I see is this footnote to we express no view is to the effect of incorporating arbitration rules in a consumer contracts and then I don't have any other words in the footnote that is all that's there that's all it says yes this isn't a consumer contract no it is not so why does it matter that what it is not in my view counsel let me ask you a question could you please address the question that I asked your colleague mr. Hunsinger and that is what is the significance if there is any of what the Supreme Court said in rent to Center and how would you respond to mr. Hunsinger's argument with it well this client did challenge the arbitration ability thank you runner the significance of rent-a-center is that it makes clear that there can be an arbitration agreement inside an arbitration agreement and that the doctrine of severability the that is a federal doctrine under the Federal Arbitration Act applies equally to an arbitration agreement within an arbitration agreement let me say a little more about that in rent-a-center the entire contract was an agreement to arbitrate one of the clauses in the agreement to arbitrate in rent-a-center delegated to the arbitrator the authority to decide issues of scope and validity of the of the agreement to arbitrate the US Supreme Court analyzed that and I would refer the panel particularly to footnote 3 in the rent-a-center decision the US Supreme Court made a very careful distinction to say that it was the clause inside that arbitration agreement that was the relevant agreement to arbitrate for purposes of determining whether the party opposing arbitration had attacked the validity of the right arbitration clause and footnote 3 discusses the issue of can you really have two arbitration agreements as they say the court says of course you can you can have an agreement delegating to the arbitrator the right to decide issues of scope and validity which is itself a separate agreement to arbitrate separate from the broader agreement to arbitrate disputes between the parties and when that kind of agreement within an agreement exists as it does in this case rent-a-center says very clearly that it is incumbent upon the party who is challenging the validity of the agreement to arbitrate to direct their unconscionability challenge directly to the agreement within the agreement what the court calls the delegation clause the agreement that delegates to the arbitrator the right to determine questions of arbitral arbitrability scope and validity in our view that case applies exactly on all four corners with the facts in this case where what you have is a broader agreement to arbitrate within it is an incorporation of the triple-a rules one of the provisions of the triple-a rules is section 6a which grants to the arbitrator the power to determine questions of arbitrability validity and scope that being the case what we have is an agreement to arbitrate inside a bigger agreement agreement to arbitrate the bigger agreement to arbitrate in this case was section 16 of the employment contract the subsidiary agreement to arbitrate inside that is the incorporated rule 6a of the triple-a rules that is the agreement that grants to the arbitrator the power to determine questions of arbitrability and under the teaching of rent-a-center that is the arbitration agreement that mr. Brennan needed to challenge and he did not he challenged the entirety of section 16 and does that incorporation of the triple-a rules mean that the arbitrators assess unconscionability it does your honor because the rule 6a gives the arbitrator authority to determine both the scope of the agreement to arbitrate and the validity of the agreement to arbitrate one of the validity issues that is commonly raised probably the most common validity issue that is raised in attacking an arbitration clause is the question of unconscionability and so it's it's through the power to determine validity of the arbitration agreement that gives the arbitrator the authority to determine whether the arbitration agreement is unconscionable thanks unless the panel has further questions I don't have anything to add okay we appreciate your argument thank you well let mr. Aronson have three minutes of rebuttal time a claim that a contract is unenforceable on the ground of unconscionability is an equitable matter the equity that equity does not enforce unconscionable bargains is too well established to require elaborate citation equity doesn't but neither does law under both federal and California law arbitration agreements are valid irrevocable and enforceable safe upon such grounds as exist that law or inequity for the voiding of any contract unconscionability is a recognized contract defense which can defeat an arbitration agreement that's the Hartley case you address rent a center rent a center that only involves one issue and that is how specific do does a party have to challenge the terms of an arbitrability provision for unconscionability and what Opus is saying is that in our case we had to challenge not the arbitration agreement itself the provision which is only one section of an entire employment agreement but ten words within that section which is must be decided by the American Arbitration Association there is no case that supports that there is one clear opinion on almost the exact same provisions that supports mr. Brendan's nest Aquila one case I think it's a Second Circuit case where the the the court specifically addressed the exact same issue there is no authority to require somebody in mr. Brennan's position to be that specific certainly justice Scalia did not say that counsel made if I think a persuasive argument dealing with rent-a-center would you like to respond to his argument the it has nothing to do with the issue in this case the issue in this case is whether or not there was an ambiguity in the sentence in section 16 that is the issue whether there was clear an unmistakable delegation to the arbitrator for unconscionability in rent-a-center the contract cried out that the arbitrator shall determine unconscionability the the plaintiff didn't even allege otherwise because it was so clear so that particular aspect that's so critical here has nothing to do with from the center do you agree that under Oracle you accept the same analysis as your opposition lawyer in the footnote in footnote to an Oracle the footnote basically as counsel says is that this this circuit has not made that decision as to whether or not employer agreements are treated the same as commercial contracts I believe since all of the cases finding clear and unmistakable are commercial or consumer contracts consumer contracts apply the commercial rules of the American Bar Association and none of them none of them none of them applied to employment contract you make a really good argument what do you how do you interpret footnote to of Oracle it to simply say that the court doesn't want to get involved in it it didn't want to get involved in that distinction at that time you
judges: Wallace, Kleinfeld and Gould